FILED
FEB 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VIVIAN L. WASHINGTON )
3603 Hillary Street
Upper Marlboro, Maryland 20772   Case: 1:08-cv-00269
          Assigned To : Hogan, Thomas F.
and       Assign. Date : 2/19/2008
          Description: PI/Malpractice

JAMES E. WASHINGTON )
3603 Hillary Street
Upper Marlboro, Maryland 20772 )

    *Plaintiffs,* )

v. )

UNITED STATES OF AMERICA )
**Serve:** Jeffrey A. Taylor,
United States Attorney for the District of Columbia )
Office of the United States Attorney for
The District of Columbia )
Judiciary Center
555 Fourth Street, N.W. )
Washington, D.C. 20530
    )
and
    )

**Serve:** Michael B. Mukasey,
Attorney General of the United States )
United States Department of Justice
950 Pennsylvania Avenue, N.W. )
Washington, D.C. 20530
    )

    *Defendants.*
    )

## COMPLAINT
(Medical Malpractice)

Plaintiffs Vivian L. Washington and James E. Washington, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch and Cardaro & Peek, L.L.C., sue the above-named Defendant, stating as follows:

CARDARO & PEEK, LLC
ATTORNEYS AT LAW
201 NORTH CHARLES STREET
SUITE 2100
BALTIMORE, MARYLAND 21201

(410) 752-6166
TELECOPIER
(410) 752-6013

*1999/USDC.Complaint*

## COUNT I
### (Negligence)

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1346 (b) and 2671 et seq. All necessary conditions precedent have been fulfilled and, therefore, Plaintiffs are entitled to maintain this action in this Court at this time.

2.  Vivian L. Washington and James E. Washington are adult citizens of Maryland and are married.

3.  Walter Reed Army Medical Center is a health care facility located in the District of Columbia, duly licensed and accredited, and providing health care services to individuals in need thereof. During the time frames complained of herein, Walter Reed Army Medical Center, through its agents, apparent agents, employees, and/or servants, provided care to Plaintiff Vivian L. Washington. As such, Walter Reed Army Medical Center owed to the Plaintiffs a duty to conform its conduct to the prevailing standards of care, by itself, and through its agents, servants and/or employees.

4.  At all times relevant herein, Timothy Kuklo, M.D., Mario Cardoso, M.D., Elizabeth Mitchell, M.D., William Allred, M.D., and the nursing staff, represented themselves to the Plaintiffs and the general public as health care providers practicing in the District of Columbia who possessed that degree of skill, knowledge, and ability possessed by reasonably competent medical practitioners practicing under the same or similar circumstances as those involving the care of the Plaintiff Vivian L. Washington. As such, Drs. Kuklo, Cardoso, Mitchell, and Allred and the nursing staff, owed to the Plaintiffs a duty to conform their conduct to the prevailing standards of care, by themselves, and through their agents, servants and/or employees.

2

5. At all times pertinent herein, Walter Reed Army Medical Center and Drs. Kuklo, Cardoso, Mitchell, and Allred and the nursing staff, provided health care services to Plaintiff Vivian L. Washington as agents, servants and/or employees of the United States of America. As such, Defendant United States of America owed to the Plaintiffs a duty to conform its conduct to prevailing standards of care, by itself, and through its agents, servants and/or employees. Defendant United States of America is liable for the actions of its agents, servants and/or employees, including Walter Reed Army Medical Center and Drs. Kuklo, Cardoso, Mitchell, and Allred and the nursing staff.

6. Pursuant to the Federal Tort Claims Act, all conditions precedent to the institution of this action against the United States of America have been met. See 28 U.S.C.A. § 2675 (a). The Plaintiffs presented their claims to the United States Department of the Army, Walter Reed Army Medical Center, Office of the Center of the Judge Advocate, which has failed to provide a response to the Plaintiffs. The six-month mandatory administrative waiting period has expired which exhausted the federal administrative process. Accordingly, the Plaintiffs may now sue the United States of America in this Court.

7. The Plaintiffs allege that the Defendant, including its agents, servants, and/or employees, owed to the Plaintiffs a duty to exercise that degree of skill, judgment, and care expected of a reasonably competent medical practitioner practicing under the same or similar circumstances, which duty included the performance of appropriate diagnostic tests and procedures to determine Plaintiff Vivian L. Washington's condition, appropriate diagnosis of such condition, the employment of appropriate treatment, procedures, and/or surgery to correct such condition without injury upon the Plaintiff, continuous evaluation of the Plaintiff's

condition and the effects of such treatment, and the adjustment of the course of treatment in response to such on-going surveillance and evaluation – all of which the Defendant failed to do.

8. The Defendant was negligent in that, by itself and through its agents, servants and/or employees, including Walter Reed Army Medical Center and Drs. Kuklo, Cardoso, Mitchell, and Allred and the nursing staff, failed to employ appropriate diagnostic tests and procedures to evaluate and diagnose Plaintiff Vivian L. Washington's condition, failed to employ appropriate treatment, procedures, and/or surgery to correct such condition, failed to appropriately monitor and evaluate the Plaintiff's condition, failed to adjust the Plaintiff's treatment in response to appropriate evaluation of the effects of treatment and were otherwise negligent.

9. Plaintiffs allege that at all times pertinent herein, all health care providers who cared for Plaintiff Vivian L. Washington from February 23, 2005 through March 8, 2005 at Walter Reed Army Medical Center, including Drs. Kuklo, Cardoso, Mitchell, and Allred and the nursing staff, were acting as employees, servants, and/or agents (actual or apparent) of Defendant United States of America. At all times pertinent herein, said health care providers acted within the scope of said employment and/or agency relationship with Defendant United States of America.

10. On February 23, 2005, Mrs. Washington was admitted to Walter Reed Army Medical Center by Timothy Kuklo, M.D., to undergo spinal surgery to correct lumbar stenosis.

11. Dr. Kuklo, with assistance from Mario Cardoso, M.D., negligently performed a L3, L4, L5 fusion with laminectomy at L3-4 which caused multiple dural tears. Drs. Kuklo and Cardoso negligently failed to detect all dural tears, negligently failed to properly seal all dural tears and otherwise negligently failed to prevent fluid from leaking from the dural tears.

12. After surgery, fluid leaked from the dural tears. A pocket of fluid formed and pressed against Mrs. Washington's spinal nerves which caused injury to her cauda equine nerves. Mrs. Washington exhibited obvious signs and symptoms of cauda equina syndrome and other neurological injury, which required timely surgical intervention.

13. Unfortunately despite Mrs. Washington's obvious signs and symptoms, Drs. Kuklo, Cardoso, Mitchell, and Allred and the nursing staff negligently failed to provide appropriate post-operative care necessary to timely identify, diagnose and treat Mrs. Washington's neurological condition.

14. In addition, an MRI showed that Mrs. Washington was suffering from a large collection of fluid pressing on her spinal nerves, causing her cauda equina syndrome and other neurological injuries, which required immediate surgical intervention. Yet, the health care providers at Walter Reed Army Medical Center, including Drs. Kuklo, Cardoso, Mitchell, and Allred, still negligently failed to timely perform corrective surgery.

15. The Defendant failed to timely perform and/or appropriately interpret the proper tests, procedures and follow-up care, including corrective surgery, necessary to timely and adequately treat Mrs. Washington's neurological condition.

16. As a result of the Defendant's negligence, Mrs. Washington sustained severe and permanent neurological injury to her spinal cord and other injury. Mrs. Washington suffers from, inter alia, cauda equina syndrome which leaves her with incontinence of bowel and bladder, vaginal numbness, and pain and weakness in her lower extremities.

17. The Defendant, by itself and through its agents, servants, and/or employees, breached the standard of care by, inter alia, negligently and carelessly:

(a) failing to appreciate the seriousness of Mrs. Washington's condition;

(b) failing to timely and properly treat Mrs. Washington's condition;

(c) failing to provide appropriate and timely follow up care;

(d) failing to properly perform all of the procedures and maneuvers necessary to perform spinal surgery without injury;

(e) utilizing poor surgical technique which resulted in dural tears;

(f) failing to detect all dural tears;

(g) failing to properly seal all dural tears;

(h) failing to timely and adequately obtain appropriate consultation;

(i) failing to timely order and perform diagnostic tests, procedures, and follow up care necessary to timely diagnose and treat Mrs. Washington's neurological injury;

(j) failing to timely perform corrective surgery despite obvious signs and symptoms of cauda equina syndrome and other neurological injury;

(k) failing to appropriately and timely interpret and act upon the findings of diagnostic tests;

(l) failing to timely perform corrective surgery after diagnostic imaging tests showed neurological compromise which required emergent surgery;

(m) failing to timely suspect, diagnose and treat Mrs. Washington's cauda equina syndrome;

(n) failing to obtain Mrs. Washington's informed consent;

(o) failing to inform Mrs. Washington that more experienced and qualified physicians were available to diagnose and treat her neurological condition;

(p) failing to inform Mrs. Washington of past injuries and/or bad outcomes regarding prior patients who suffered from her neurological condition; and

(q) failing to otherwise comply with accepted standards of care.

18. As a direct and proximate result of the aforementioned negligence, Mrs. Washington sustained severe and permanent neurological injury to her spinal cord and other

injury. Had the Defendant provided Mrs. Washington with the care and treatment required by the applicable standard of care, her lumbar stenosis would have been successfully treated and she would today be neurologically intact.

20. The Defendant's negligence caused Mrs. Washington's severe and permanent neurological injury which impairs her ability to perform and enjoy all activities of daily living; to obtain and maintain employment; to perform household and other services; and to independently meet her personal hygiene needs. Additionally, Mrs. Washington's permanent neurological injury has in the past and will in the future require numerous otherwise unnecessary medical and surgical interventions, physical and occupational therapy, nursing and attendant care, medical equipment, and other medical care. Mrs. Washington has in the past and will in the future endure great pain and suffering. In addition, Plaintiff has in the past and will in the future suffer diminution in her wage earning capacity. Thus, the Plaintiff has sustained and will sustain in the future, significant and permanent economic and non-economic damage, for which claim is made.

20. Plaintiffs allege that the negligence of the Defendant was a proximate cause of the serious and irreversible injuries suffered, with the Plaintiffs in no way being contributorily negligent.

WHEREFORE, Plaintiff Vivian L. Washington demands judgment against the Defendant in the full sum of Ten Million Dollars ($10,000,000.00), plus costs, interest and what other relief this Court deems appropriate.

## COUNT II
### (Loss of Consortium)

21. The Plaintiffs incorporate herein by reference the numbered paragraphs 1-20 of Count I.

22. At all times relevant to this claim, Plaintiffs Vivian L. Washington and James E. Washington were husband and wife.

23. As a direct and proximate result of Defendants' negligence, Plaintiff James E. Washington suffered damages to his marital unit including but not limited to, severe emotional distress for which claim is made. Plaintiff James E. Washington also suffered significant and ongoing damage to his marital relationship including loss of service, affection, companionship, consortium, and other economic and non-economic injury. For all of these losses, claim is made.

WHEREFORE, Plaintiff James E. Washington demands judgment against the Defendant in the full sum of Ten Million Dollars ($10,000,000.00), plus costs, interest, and what other relief this Court deems appropriate.

Respectfully submitted,

_/s/ Thomas C. Cardaro_
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
**Cardaro & Peek, L.L.C.**
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
202-628-7778
tcc@cardarolaw.com
**Attorneys for Plaintiffs**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Vivian L. Washington and James E. Washington | United States of America |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Cardaro & Peek, LLC
201 N. Charles Street, Ste. 2100
Baltimore, MD 21201
202-628-7778

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00269
Assigned To : Hogan, Thomas F.
Assign. Date : 2/19/2008
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U S Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**● B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)        OR        ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C 1346 (b) and 2671 et seq. Medical malpractice action pursuant to the Federal Tort Claims Act

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F R C P. 23 ☐  DEMAND $ 20,000,000.00  Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐ NO ☒  If yes, please complete related case form.

DATE 2/15/08   SIGNATURE OF ATTORNEY OF RECORD  *Thomas C. Cadmus*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES. This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION· Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY. If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.