# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| VIVIAN L .WASHINGTON, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| | ) |
| v. | ) Civil Action No.  08-0269 (TFH) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant United States of America ("the United States"), by and through

the U.S. Attorney for the District of Columbia, and submits this Answer to the Plaintiffs'

Complaint.

## COUNT I
### (Negligence)

1.  This paragraph contains allegations regarding jurisdiction to which a response is not

generally required.  To the extent a response is required, Defendant admits that the Federal Tort

Claims Act is the proper jurisdictional basis for claims sounding in tort brought against the

United States. Whether jurisdiction exists under any of the alleged provisions is a conclusion of

law to which no response is required.

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations.

3.  Defendant admits the allegations in this paragraph.

4.  Defendant admits that Timothy Kuklo, M.D., Mario Cardosa, M.D., Elizabeth Mitchell, M.D., and William Allred, M.D., and WRAMC's nursing staff are health care providers , employed by the United States, practicing in the District of Columbia relevant to this matter. Defendant is without sufficient knowledge or information at this point to admit or deny that the broadly termed "nursing staff" are all employees of Defendant.  Defendant United States admits that it is bound to conform its conduct to the prevailing standard of care, by itself and through its agents, employees, and/or servants.

5.  See response to paragraph 4, hereby incorporated by reference in response to the first and second sentences in paragraph 5.  The allegations contained in the third sentence of paragraph 5 is a conclusion of law to which no response is required.  To the extent that a response is required, Defendant admits to the extent that the United States is liable for the actions of its employees when acting within the scope of their employment and denies the remaining allegations.

6.  The first sentence of paragraph 6 contains allegations regarding jurisdiction to which a response is not generally required.  Admit the remaining allegations of paragraph 6 to the extent that Plaintiffs' administrative claims were filed with the Department of the Army on February 20, 2007, and that this suit was filed more than six months after the filing of that claim; otherwise denies the remaining allegations of paragraph 6.

7.  The allegations contained in paragraph 7 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 7.

8.  Defendant denies the allegations in this paragraph.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 9.

10.  Admits.

11.  Defendant admits that Dr. Kulko, assisted by Dr. Cardoso,  performed a L3, L4, L5 fusion with laminectomy at L3-L4 to treat Mrs. Washington's lumbar stenosis and avers that during the procedure, Drs. Kulko and Cardoso detected and promptly corrected dural tears. Defendant denies the remainder of the allegations in this paragraph.

12.  Defendant has insufficient information to admit or deny the cause of any leaking fluid.  Defendant United States admits that Mrs. Washington exhibited symptoms of Cauda Equine Syndrome and avers that she received appropriate and timely medical care, including surgical intervention.

13.  Defendant denies the allegations in this paragraph.

14.  Admit to the extent that Plaintiff Vivian Washington had an MRI performed while at WRAMC on February 27, 2005, that the MRI gave rise to the medical impression that fluid had gathered in Mrs. Washington's thecal sac, and that corrective measures were promptly taken. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, but to the extent a response is required, Defendant denies the allegations in this paragraph.

15.  Defendant denies the allegations in this paragraph.

16.  Defendant denies the allegations in the first sentence of paragraph 16.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 16, but to the extent a response is required, Defendant denies the allegations in this paragraph.

17.  Defendant denies the allegations in this paragraph, including all sub-parts (17a-17q).

18.  Defendant denies the allegations in this paragraph.

19.  Defendant denies the allegations in this paragraph concerning negligence and causation.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, but to the extent a response is required, Defendant denies the allegations in this paragraph.

20.  Defendant denies the allegations in this paragraph.  The unnumbered paragraph immediately following paragraph 20 is a demand for judgment to which no response is required. To the extent a response is required, the Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

## COUNT II
### (Loss of Consortium)

21.  Defendant incorporated herein by reference it previous answers to paragraphs 1-20.

22.  Defendant has insufficient information to admit or deny any information noted in this paragraph of Plaintiff's complaint, but to the extent a response is required, Defendant denies the allegations in this paragraph.

23.  Defendant denies the allegations in this paragraph concerning negligence and causation.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23, but to the extent a response is required, Defendant denies the allegations in this paragraph. The unnumbered paragraph immediately following paragraph 23 is a demand for judgment to which no response is required. To the extent a response is required, the Defendant denies that Plaintiff is entitled to the relief

requested in the Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

1.  Plaintiff's cause of action is subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq.

2.  Plaintiffs are not entitled to pre-judgment interest.

3.  Plaintiffs are not entitled to any equitable recovery.

4.  Plaintiffs may not recover in excess of the amount claimed in their administrative claim.

5.  Plaintiff's cause of action is barred by the doctrine of contributory negligence.

6. The United States is not liable for the acts or omissions of its independent contractors.

7.  Defendant's liability, if any, should be reduced in proportion with its percentage of responsibility including but not limited to any and all rights of credit, offset, or contribution that the Defendant may have against the Plaintiff or other Defendant.

8.  Defendant is not liable for Plaintiffs' injuries to the extent that another actor or actors' negligence were intervening or new or superceding causes of the alleged injuries.

9.  In the unlikely event that the Defendant is found liable for injuries and damages allegedly sustained by Plaintiff, which Defendant denies, then Defendant can only be held liable for its alleged negligence which proximately caused the aggravation of Plaintiff's medical condition and not for her pre-existing condition(s) itself.

10.  Plaintiffs' recovery is subject to offset for any amounts already paid by the United States under TRICARE, CHAMPUS, Social Security, MEDICARE, MEDICAID, or other

federal program or federal health plan.

11.  To the extent that the substantive law of the District of Columbia has limitations (statutory or common law) on the Plaintiff's cause of action or damages, the Plaintiff's claim is subject thereto.

12.  Defendant reserves the right to assert additional defenses based on information obtained and/or developed during discovery.

**WHEREFORE**, the Defendant prays that upon final hearing thereof, the Court will enter judgment in favor of the Defendant and against Plaintiff in all things, and dismiss the Complaint in its entirety with prejudice, granting the Defendant judgment, including all costs, charges and fees permitted by law; and for all such other and further relief at law or in equity to which the Defendant may justly be entitled.

 Respectfully submitted,

         /s/
         JEFFREY A. TAYLOR, D.C. Bar # 498610
         United States Attorney

         /s/
         RUDOLPH CONTRERAS D.C. Bar # 434122
         Assistant United States Attorney

         /s/
         LANNY J. ACOSTA, JR.
         Special Assistant United States Attorney
         United States Attorneys Office
         Civil Division
         555 Fourth St., N.W.
         Washington, D.C. 20530
         (202) 307-2332

OF COUNSEL:
Captain Dan Dalrymple
U.S. Army Litigation Division
Arlington, VA  22203-1837

6